UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOURTHERN DIVISION

SEAN RAMSEY,

    Petitioner,

v.

                                 Civil No. 5:10-cv-14752
                                 Honorable John Corbett O'Meara

GRAG McQUIGGINS,

    Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL [Dkt. 15], MOTION FOR APPEAL BOND [Dkt. 16], AND MOTION FOR ORDER TO SHOW CAUSE [Dkt. 14]**

On October 24, 2013, this habeas case filed by a state prisoner under 28 U.S.C. § 2254 was reopened after Petitioner completed exhaustion of his state court remedies. Pending before the Court are three motions filed by Petitioner. For the reasons set forth below, the Court will deny the motions.

**A. Motion For Appointment of Counsel [Dkt. 15]**

The constitutional right to counsel in criminal proceedings provided by the Sixth Amendment does not apply to an application for writ of habeas corpus, which is a civil proceeding. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002), cert. denied, 538 U.S. 984 (2003), reh. denied, 539 U.S. 970 (2003). The Court has broad discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In this case, after the Court has carefully reviewed the pleadings and state court record, if the Court determines that

appointment of counsel is necessary, then it will do so at that time. Petitioner need not file any further motions regarding this issue. Accordingly, this motion is **DENIED WITHOUT PREJUDICE**.

### B. Motion for Bond [Dkt. 16]

To receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts surrounding the petition and the existence of "some circumstance making the [motion for bond] exceptional and deserving of special treatment in the interests of justice." *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990). "There will be few occasions where a prisoner will meet this standard." *Dotson*, 900 F.2d at 79. Where the court finds no substantial claim that the petitioner is confined in violation of the Constitution, it need not reach the issue of whether exceptional circumstances exist which deserve special treatment in the interest of justice. *Id.* Because a habeas petitioner "is appealing a presumptively valid state conviction . . . it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993). Petitioner's motion fails to establish the existence of any extraordinary and exceptional circumstances which merit release on bond. Accordingly, this motion is **DENIED**.

### C. Motion for Order to Show Cause [Dkt. 14]

Petitioner moves for an order directing Respondent to show cause why a writ of habeas corpus should not be granted. The Court has just reopened the case and ordered Respondent to file the relevant portions of the state court record and responsive pleading addressing Petitioner's

claims. There is no need for a order to show cause.  Accordingly, this motion is **DENIED**.

    **SO ORDERED**.

                                                            s/John Corbett O'Meara  
                                                            United States District Judge  
Date:  November 5, 2013

    I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, November 5, 2013, using the ECF system and/or ordinary mail.

                                                            s/William Barkholz  
                                                            Case Manager